United States District Court
Southern District of Texas
**ENTERED**
October 19, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RASHARD ESAW RENFRO, TDCJ #01463328, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-21-2172 |
| KIMBERLY BAKER, | § § § | |
| Defendant. | § § § | |

## ORDER

    Plaintiff Rashard Renfro (TDCJ #01463328) is a state inmate currently confined at the Jester III Unit in Richmond, Texas. He filed this civil rights action under 42 U.S.C. § 1983, principally alleging that Defendant Kimberly Baker, Jester III Mailroom Supervisor, violated his civil rights by losing or confiscating two of his magazines from the mailroom. *See* Docket Entry No. 6. He also sues several other TDCJ officials regarding their handling of his mail. *See* Docket Entry No. 1. Pending is Renfro's Motion for a Preliminary Injunction, seeking to enjoin TDCJ officials from implementing a new correspondence policy regarding inmates receiving card stock mail and other mail items. *See* Docket Entry No. 5.

    In order to obtain a preliminary injunction, a plaintiff must show: (1) a substantial likelihood that he will prevail on the

merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) that his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) that granting the preliminary injunction will not disserve the public interest. Texans for Free Enter. v. Tex. Ethics Comm'n, 732 F.3d 535, 536-37 (5th Cir. 2013). Injunctive relief in the form of "superintending federal injunctive decrees directing state officials" is an extraordinary remedy. Morrow v. Harwell, 768 F.2d 619, 627 (5th Cir. 1985). A preliminary injunction is an extraordinary remedy that "should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." PCI Transp., Inc. v. Fort Worth & W. R.R. Co., 418 F.3d 535, 545 (5th Cir. 2005) (citations omitted).

Courts must also consider the principles of federalism in determining whether to grant equitable relief. Doran v. Salem Inn, Inc., 95 S. Ct. 2561, 2566 (1975). Specifically, the court must consider the interests of state authorities in managing their own affairs. Milliken v. Bradley, 97 S. Ct. 2749, 2757 (1977).

Further, because this case concerns prison conditions, the Prison Litigation Reform Act ("PLRA") imposes additional restrictions on the authority to grant any injunction. The PLRA provides that "[p]rospective relief in any civil action

2

with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff." 18 U.S.C. § 3626(a)(1). A prisoner may not obtain a preliminary injunction unless the court first finds that such relief is narrowly drawn, extends no further than necessary to correct the harm the court finds requires preliminary relief, and is the least intrusive means necessary to correct the harm. See 18 U.S.C. § 3626(a)(2). In considering a prisoner's request for prospective relief, the reviewing court "shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system" caused by the relief and shall respect the certain principles of comity where state or local law is concerned. 18 U.S.C. §§ 3626(a)(1)(B), 3626(a)(2); Nelson v. Campbell, 124 S. Ct. 2117, 2126 (2004).

Renfro fails to show his entitlement to preliminary injunctive relief. Among other things, he fails to show that he is likely to succeed on the merits. "Inmates do not possess a right to the unrestricted freedom of receipt and transmission of mail," but a prison inmate "retains those [constitutional] rights that are not inconsistent with his status as a prisoner." Turner v. Safley, 107 S. Ct. 2254, 2265 (1987) (quoting Pell v. Procunier, 94 S. Ct. 2800, 2804 (1974); Adams v. Ellis, 197 F.2d 483, 485 (5th Cir. 1952)). "Accordingly, prisoners and their correspondents

3

enjoy the protections of the First Amendment except to the extent that prison regulations curtailing those protections are 'reasonably related to legitimate penological interests.'" Prison Legal News v. Livingston, 683 F.3d 201, 214 (5th Cir. 2012) (quoting Thornburgh v. Abbott, 109 S. Ct. 1874, 1877 (1989)).

As Renfro mentions in his pleadings, prison officials changed the policy regarding card-stock paper and other mail items in an attempt to stop the flow of drugs like K-2 or other contraband into the prison. See Docket Entry No. 1 at 3-4. Although Renfro challenges the basis of the new policy, stopping the flow of drugs into prison is a compelling state interest, and prohibiting or limiting card stock or other papers that are used to smuggle drugs into the prisons is reasonably related to that interest. Renfro does not meet the first criteria of obtaining a preliminary junction because he does not show that he is likely to succeed on the merits of his underlying claim.

Further, there is no indication that plaintiff's threatened injury outweighs the harm to the prison if an injunction were issued. Prison administrators are accorded wide-ranging deference in the adoption and execution of policies that in their judgment are needed to preserve internal order and discipline in the daily operations of the prison system. See Bell v. Wolfish, 99 S. Ct. 1861, 1878 (1979). As noted, TDCJ administrators enacted the ban

4

on card-stock materials in the mail in order to curtail drug smuggling. Were a federal court to step in and ban this effort, more drugs could pour into the prison, along with their hazards to the prison community. Renfro fails to meet his burden to satisfy each of the four criteria for preliminary injunctive relief.

In addition, Renfro's proposed injunctive relief, which includes "stopping all bans enacted to begin on August 1, 2021," is not narrowly drawn, is not the least intrusive means to address the alleged harm, and extends well beyond what would be necessary to address his allegations of a constitutional violation, even if he could show one. Therefore, it does not comport with the requirements of the PLRA and must be denied.

Accordingly, it is hereby

**ORDERED** that his pending motion for a preliminary injunction (Docket Entry No. 5) is **DENIED**.

The Clerk will send a copy of this order to all parties of record.

SIGNED at Houston, Texas, on this 13TH day of Oct., 2021.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE